GALLIPOLIS (City) v CANADY

GALLIPOLIS (City) v HEALEY

GALLIPOLIS (City) v MILLS

GALLIPOLIS (City) v GARLINGTON

Ohio Appeals, 4th Dist, Gallia Co

Nos 124, 125, 126, 127. Decided July 15, 1929

Mr. R. M. Switzer, Gallipolis, for City.
Mr. H. W. Cherrington & Mr. A. J. Greene, Gallipolis, for Defendants.

Mauck, Richards and Lloyd, JJ, concur.

GALLIPOLIS (City) v MILLS

GALLIPOLIS (City) v CANADY

GALLIPOLIS (City) v HEALEY

GALLIPOLIS (City) v GARLINGTON

Ohio Common Pleas, Gallia Co

Nos 8419, 8420, 8422, 8425. Decided March 18, 1929.

Mr. R. M. Switzer, Gallipolis, for City.

Mr. H. W. Cherrington & Mr. A. J. Greene, Gallipolis, for Defendants.

**504**

WHITCRAFT, J.

The determination of the rights of the parties in these cases so far as the several tracts of land located within the limits of the original town of Gallipolis is concerned depends upon whether there was a dedication to public use of the so-called blank or undesignated space appearing upon Exhibit I and an acceptance thereof by the public. What is required to constitute a dedication either at common law or by statute and the acceptance thereof by the public is too well settled to require the citation of authorities at length. It may be stated as a general rule that to constitute a valid dedication there must be an intention on the part of the owner to devote his property to the public use, and this intention must be clearly and unequivocally manifested, but the intention to which the courts give heed is not an intention hidden in the mind of the land owner but an intention manifested by his acts. **13 Cyc. 452 and cases cited; Fulton vs. Mahrenfeld, 8 OS. 440; Wright vs. Oberlin, 3 C. C. (N. S.) 242.** No formal acceptance was required by the public, nor is it always necessary that it be accepted by the city council or other public authorities but it may be accepted by the general public. 13 Cyc. 465. And the general public accepts by entering upon the land and enjoying the privileges offered; in other words by user.

It is significant that the proprietors in laying out the town of Gallipolis clearly expressed an intention to withhold from the public the strip of land between the southeasterly side of Front Street and the top of the river bank where it was of sufficient width to be of any practical purpose or appreciable value and divided it into "garden lots." A strong presumption, therefore, follows that where there was little or no land between the street line continued in the same direction to the town limits and the top of the bank of the river, it was not withheld for private purposes, but, on the contrary, was dedicated to public use. Moreover, the lots were sold with reference to this blank or undesignated space; the public has used it, or so much thereof as was necessary for travel and other street purposes for more than a century without interruption; and there being no evidence that the proprietors or their successors in interest have at any time ever asserted any title thereto, it would appear that there can be little doubt as to the intention of the owners to dedicate this strip to public use and its acceptance by the inhabitants of the town of Gallipolis.

We are not, however, left to conjecture in determining the questions involved here, for the Supreme Court of the United States and many other courts of last resort have been called upon to meet like situations.

The pioneer case is that of Barclay et al vs. Howell's Lessee, decided by the Supreme Court of the United States and reported in 6 Pets. 498.

In the instant cases it should have been stated that if the southeasterly line of Front Street had been continued to the town limits, leaving a strip of land between it and the river, the rule laid down by our own Supreme Court in **McLaughlin vs. Stevens, 18 OS., page 94,** would apply.

The doctrine laid down in Barclay et al. vs. Howell's Lessee, supra, was reaffirmed in the very interesting and instructive opinion of Mr. Justice Thompson in the case of Cincinnati vs. White, decided by the Supreme Court of the United States and reported in 6 Pets., page 431. It might be well to note that such eminent counsel as Storer, Webster, Ewing and Clay appeared.

The rule was followed and the the the same principle applied by the Supreme Court of the United States in New Orleans vs. U. S. 10 Pets. 662, and McConnell vs. Lexington, 12 Wheat. 582.

In the case last cited above the opinion was written by Chief Justice John Marshall.

It is only necessary to refer to one other case upon this subject. In Parish vs. Stephen, decided by the Supreme Court of Oregon, and reported in 1 Or., page 62, we have a case with the facts very similar to the ones under consideration here.

I am clearly of the opinion, therefore, that the blank space appearing upon Plaintiff's Exhibit No. 1 was dedicated to public use by the proprietors of the town of Gallipolis and that the evidence clearly discloses an acceptance thereof on the part of the public.

It is equally well settled that the public would take title to the newly formed land or accretions thereto.

As to all of the premises in controversy which are situate within the limits of the town of Gallipolis as originally laid out, the finding and judgment will be for the plaintiff and the cross-petitions of the defendants will be dismissed.

As to the part of the premises involved in the above cases which is situated in Section 29 and outside the limits of Gallipolis, as originally laid out, more difficulty is encountered. Neither the city nor defendants claim to have any record title to such premises, nor has plaintiff shown any dedication of same to public use other than that included within the limits of the street or highways; nor has any occupation by the city of any more of said premises been shown. As to that part which is southeasterly of First Avenue, no title or right of possession is shown by plaintiff, and therefore, the city must fail as to that part of said premises. The descriptions set out in the petition with the aid of the

evidence do not afford sufficient information to enable the court to go further than to say that as to the parcel of land situated in Section 29, southeasterly of First Avenue, the City has shown no right of possession and must fail in its action.

Coming now to the issues made up by the cross-petitions and replies thereto, so far as the same relate to the premises situated in Section 29 the defendants have likewise failed to make out their case as I conceive the law to be upon the admitted or proven fact. These premises were not entered by the present owners or their predecessors in title under a deed or grant defining the boundaries of the lands they claim and in controversy in these actions, nor is any record title claimed. Moreover, only a part of the premises was actually tilled, and this part was the high ground made by the river. It has only been in existence for a few years comparatively speaking, and was used solely for gardening. Mrs. Healey set some posts close to the line of the street after the 1913 flood, and later made requests of the municipal authorities to take steps to prevent further erosion. She complained when they neglected or refused so to do. I am, therefore, of the opinion that the defendants did not enter under **color of title,** and the rule announced in **Humphreys vs. Huffman, 33 OS. 395,** applies. It is there held:

"Where the entry is without color of title or upon a paper title, which is void for want of a description of any land, this presumption does not attach (constructive possession), and the adverse possession only extends to that part of the land actually occupied and improved."

Manifestly none of the defendants actually occupied more of the lands they respectively claimed than was used for gardening purposes, which was a part only of the tracts described in their cross-petitions, that is, the elevated part of the newly made land. This is not definitely described in the cross-petitions, nor does the evidence afford sufficient information to enable the court to make a decree quieting their alleged title. The cross-petitions will, therefore, be dismissed.